IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LONDON JENKINS,                    §
SPN #02834419,                     §
                                   §
            Petitioner,            §
                                   §
v.                                 §     CIVIL ACTION NO. H-19-4927
                                   §
HARRIS COUNTY SHERIFF              §
ED GONZALES,                       §
                                   §
            Respondent.            §

## MEMORANDUM OPINION AND ORDER

The petitioner, London Jenkins (SPN #02834419), is currently in custody at the Harris County Jail as a pretrial detainee. Jenkins has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (Docket Entry No. 1), regarding the criminal charges that are pending against him. After considering all of the pleadings and the applicable law, the court will dismiss this action without prejudice for the reasons explained below.

## I. Background

Jenkins indicates that he is currently in custody as a pretrial detainee facing unspecified charges.[1] Public records clarify that Jenkins has been charged with committing aggravated robbery with a deadly weapon in Harris County Cause Nos. 1607831

---

[1]Petition, Docket Entry No. 1, p. 2.

and 1607832, which are pending against him in the 174th District Court for Harris County, Texas.[2]

Jenkins seeks relief under 28 U.S.C. § 2241 from his continued pretrial detention at the Harris County Jail, arguing that his constitutional rights have been violated in connection with his state court criminal proceedings as follows:

(1) his indictment does not state sufficient facts to constitute an offense under Texas law;

(2) the charges have been lodged in violation of the Fourth, Fifth, and Sixth Amendments to the United States Constitution, as well as the Due Process and Equal Protection Clauses, because there is no "physical evidence" against him;

(3) the charges violate Substantive Due Process and Equal Protection of the Laws, as well as the Fourth, Fifth, and Sixth Amendments, because he has a "sworn affidavit" from an "eye witness" that proves his innocence; and

(4) the charges violate Due Process and Equal Protection because there was "no probable cause" to arrest him on "hearsay" evidence from an "unreliable" witness.[3]

Because Jenkins acknowledges that he has not filed any sort of appeal or raised these claims previously in state court, his Petition is subject to dismissal for lack of exhaustion.[4]

---

[2]See Harris County District Clerk's Office website, available at: https://www.hcdistrictclerk.com (last visited Dec. 23, 2019).

[3]Petition, Docket Entry No. 1, pp. 6-7.

[4]Id. at 4-5, 6-7.

-2-

## II.  Discussion

Because Jenkins is a pretrial detainee his Petition is governed by 28 U.S.C. § 2241, which authorizes a federal writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met:  (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies.  See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 93 S. Ct. 1123, 1126-27 (1973). Although Jenkins meets the first prerequisite for review by virtue of his confinement at the Harris County Jail, he does not meet the second prerequisite because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus.  See Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition).  In the pre-conviction context, a Texas

-3-

prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. See Tex. Code Crim. Proc. § 11.08. If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. See, e.g., Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing Ex parte Payne, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)).

Jenkins acknowledges that he has not raised his claims in any appeal and, as a result, he has not presented his allegations for review by the Texas Court of Criminal Appeals.[5] He does not allege facts showing that this remedy is unavailable where his constitutional claims are concerned. He does not otherwise show that exceptional circumstances are present or that federal court intervention is warranted. See Younger v. Harris, 91 S. Ct. 746, 750-51 (1971) (explaining that federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present). The court concludes, therefore, that the pending federal habeas corpus petition must be dismissed without prejudice for lack of exhaustion.

---

[5]See Petition, Docket Entry No. 1, pp. 4-5, 6-7.

### III. **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability under 28 U.S.C. § 2253 when entering a final order that is adverse to the petitioner. Where the petitioner is a prisoner in state custody, this requirement also applies to petitions for relief under 28 U.S.C. § 2241. See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) ("[Section] 2253 clearly does not encompass challenges to federal detention under § 2241. Just as clearly, however, § 2253 does encompass challenges to state detention under § 2241.").

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

Reasonable jurists would not debate that the petitioner has not yet exhausted available state court remedies or that the Petition is premature. Therefore, a certificate of appealability will not issue.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by London Jenkins (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2.  The Application to Proceed Without Prepayment of Fees filed by Jenkins (Docket Entry No. 2) is **GRANTED**.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 22nd day of Dec., 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE